UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| UNITED STATES OF AMERICA, | 3:18-CR-30013-RAL-2 |
|---|---|
| Plaintiff, | |
| vs. | OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION |
| ELNITA RANK, | |
| Defendant. | |

Defendant Elnita Rank (Rank) was indicted along with other co-defendants on February 6, 2018, for conspiracy to retaliate against a witness in violation of 18 U.S.C. §§ 1513(e) and (f). Doc. 1. Prior to being indicted, Rank was interviewed by law enforcement on October 19, 2017, and subsequent to the indictment sought to suppress the statements made during that interview, asserting that they were involuntary under the Fifth Amendment. Doc. 88. Magistrate Judge Mark A. Moreno conducted a suppression hearing on May 8, 2018, and issued a Report and Recommendation denying Rank's motion. Doc. 110. Rank has now objected to that Report and Recommendation.

This Court reviews a report and recommendation under the statutory standards found in 28 U.S.C. § 636(b)(1), which provides in relevant part that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Having conducted a de novo review, this Court adopts the Report and Recommendation in full.

1

I.  **Discussion**

Rank argues that her will was overborne by the confluence of her age, the lack of any Griffin-type warnings, and the conduct of the interviewing agents such that her statements were not voluntary and thus taken in violation of the Fifth Amendment. Rank bases her objection primarily on the fact that United States Attorney's Office Investigator James Flanigan testified that he did not provide Rank with any Griffin warnings and did not have a specific recollection of any such warnings being given during the interview. T. 11, 17–18. Additionally, Rank asserts that the interview was improper and coercive because she was asked questions after inquiring, possibly three times during the course of the interview, whether she should have an attorney present. Rank declined to allow the interview to be recorded, so Magistrate Judge Moreno, and in turn this Court, must take the facts from the testimony of the only two witnesses at the suppression hearing: Investigator Flanigan and FBI Special Agent Thomas Wilberg.

Judge Moreno rejected Rank's arguments. In doing so, Judge Moreno credited the testimony of Special Agent Wilberg, who testified that at the outset of the interview he told Rank that she was not in trouble, would not be arrested at the conclusion of the interview, and could end or suspend the interview whenever she chose. T. 25–26. That is, Special Agent Wilberg testified that he in fact gave the Griffin warning to Rank at the start of the interview. T. 26. Investigator Flanigan's lack of memory of Griffin warnings being given do not require this Court to discount Special Agent Wilberg's testimony that he in fact gave such warnings. This Court defers to Judge Moreno's decision to credit the testimony of Special Agent Wilberg. See United States v. Lockett, 393 F.3d 834, 837–38 (8th Cir. 2005) ("The magistrate's finding that the officer's testimony was believable is deserving of deference."); United States v. Stoneman, No. CR 09-30101-RAL, 2010 WL 1610065, at *6 (D.S.D. Apr. 20, 2010) ("The Court is entitled to give weight to the credibility

2

determination of the magistrate judge." (citing United States v. Martinez-Amaya, 67 F.3d 678, 681 (8th Cir. 1995))).

Judge Moreno further considered the cordial nature of the interview and noted it involved no threats, misrepresentations, or use of force by the interviewing agents. In addition, Rank did not appear to be particularly vulnerable to questioning despite her advanced age. Judge Moreno determined that Rank's unwillingness to answer more questions without her attorney present after the agents made pointed inquiries regarding the facts constituting the basis of her indictment and her subsequent request that the agents leave undermined the argument that her age rendered her particularly vulnerable to having her will overborne and also established that she was both aware of her legal rights and understood how to exercise them. Judge Moreno concluded that the record as a whole demonstrated that Rank's statements were made voluntarily and were not the product of an environment and questioning that was so coercive as to overwhelm Rank's will. See United States v. Thunderhawk, 799 F.3d 1203, 1206 (8th Cir. 2015) (explaining that "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment" and rejecting the argument that a promise not to be arrested at the end of an interview constitutes a coercive tactic) (alteration omitted) (quoting Colorado v. Connelly, 479 U.S. 157, 167 (1986)); United States v. LeBrun, 363 F.3d 715, 726 (8th Cir. 2004) (noting that a "key concern[] in judging whether confessions [are] involuntary, or the product of coercion, [is] the intelligence, mental state," and other characteristics of a defendant that may make them particularly susceptible to having their will overborne) (third alteration in original).

Having reviewed the record de novo, this Court agrees with Judge Moreno's factual findings and legal conclusions regarding Rank's statements. The arguments Rank makes to this

Court were fully addressed by Judge Moreno and do not require further analysis. For the reasons stated in the Report and Recommendation, this Court finds that Rank's statements were voluntary and not the result of overreaching conduct by the interviewing agents that overwhelmed her will in violation of the Fifth Amendment. Rank's objections are overruled.

**II.  Conclusion**

For the reasons stated above, it is hereby

ORDERED that Rank's Objections to the Report and Recommendation, Doc. 111, are overruled. It is further

ORDERED that the Report and Recommendation, Doc. 110, is adopted. It is finally

ORDERED that Rank's Motion to Suppress, Doc. 88, is denied.

DATED this 21st day of June, 2018.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE